UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JACKSON, | No. 2:13-cv-0781 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. ALVARO TRAQUINA, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10   1227.

11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   First, plaintiff failed to sign the civil rights complaint.  Rule 11(a) of the Federal Rules of
26   Civil Procedure requires that all litigants proceeding without counsel must sign every pleading.
27   Id.  Although plaintiff typed his name on the signature line, plaintiff's typewritten name is not
28   ////

sufficient under Rule 11. Thus, plaintiff's complaint must be dismissed with leave to allow plaintiff to submit a signed amended complaint.

Second, rather than complete the complaint form used by this district, plaintiff refers the reader to "see attached complaint." (ECF No. 1 at 2, 3.) Plaintiff appended a five page typewritten complaint which is also not signed by plaintiff (ECF No. 1 at 38), and is addressed to the Solano County Superior Court and the Honorable Judge Harry S. Kinnicutt, a Solano County Superior Court Judge (ECF No. 1 at 35.) The typewritten complaint also bears a Superior Court Case Number FCS 039590. (Id.) Plaintiff is advised that he cannot pursue the same claims in two different courts at the same time. Plaintiff does state in this typewritten complaint that he is filing the instant civil rights action in federal court (ECF No. 1 at 35), but the heading does not make clear that he is not pursuing the same claims in both venues at the same time. Thus, in any amended complaint, plaintiff must make clear that he is solely pursuing his claims in federal court and not in Solano County Superior Court action FCS 039590.

Third, plaintiff may state a potentially cognizable civil rights claim based on his allegations that defendants' deliberate indifference to his serious medical needs. If plaintiff is not concurrently pursuing these claims in state court, plaintiff may re-append the typewritten complaint to the completed civil rights form used by our district if he deletes the reference to the Superior Court of Solano County, the state court judge and case number, and provides a valid signature to both the federal civil rights form and the typewritten complaint. Plaintiff need not re-append the 31 exhibits as these exhibits remain a part of the court record and may be referenced by any party.

Because plaintiff failed to sign either complaint, the complaint must be dismissed with leave to amend. Fed. R. Civ. P. 11(a). If plaintiff chooses to amend the complaint, plaintiff must personally sign the complaint form. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended

complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

  In accordance with the above, IT IS HEREBY ORDERED that:

  1. Plaintiff's request for leave to proceed in forma pauperis is granted;

  2. Plaintiff's complaint is dismissed; and

  3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 3, 2014

/jack0781.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  WALTER JACKSON,                      No. 2:13-cv-0781 KJN P
12           Plaintiff,
13       v.                              NOTICE OF AMENDMENT
14  DR. ALVARO TRAQUINO, et al.,
15           Defendants.
16
17       Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19       _____           Amended Complaint
    DATED:
20
21                                _____
                                  Plaintiff
22
23
24
25
26
27
28